Lauriat, J.
The plaintiffs have brought this action against the defendants for “defamation, intentional infliction of emotional distress, intentional interference with advantageous business relations and intentional interference with contractual relations” (Complaint, ¶4), arising out of certain alleged defamatory remarks made by the defendants Isabel Domeniconi (“Domeniconi”) and Fernando Gil (“Gil”) about Marino Valdez on a radio program broadcast on a radio station, WNUR, that is owned and operated by the defendant Champion Broadcasting System, Inc.
The defendant Domeniconi has now moved to disqualify the plaintiffs’ attorney, Lazar Lowinger (“Lowinger”), from further representing the plaintiffs in this action on the grounds that he had represented her in the past and that she had confided in him about the subject matter of the present law suit shortly before he filed it against her.
DISCUSSION
In the present case, Domeniconi has asserted, by way of an affidavit, that she has known Lowinger for 29 years, that he has been a long-time family friend *628 and confident, and that he has represented both herself and her father in the past in several matters. Domeniconi Affidavit, ¶¶2-3. She further asserts that on or about March 6, 1994, Lowinger came to her home for a visit, and that at that time he discussed with her a radio broadcast of March 4, 1994 which is now the subject of this lawsuit. Domeniconi Affidavit, ¶¶4-5. Domeniconi contends that during this conversation she confided in Lowinger about her past dealings with the plaintiff, Marino Valdez, the contents of the broadcast, and the circumstances surrounding the broadcast. Domeniconi Affidavit, ¶6. Lowinger filed the present action on behalf of the plaintiffs on June 1, 1994.
In response to Domeniconi’s allegations, Lowinger has acknowledged their past attorney-client relationship and their meeting at Domenicóni’s home on March 6, 1994, but he contends that “I did not discuss any matter with her that was not within public knowledge,” and “I did not learn of any confidential information through my conversation with her.” Lowinger Affidavit, ¶¶2-6. Lowinger pointedly did not deny in his affidavit that he had discussed the March 4, 1994 radio broadcast with Domeniconi, although he could easily have done so.[1]
The Canons of Ethics and Disciplinary Rules governing the conduct of attorneys licensed to practice in the Commonwealth do not squarely address the problem of “successive representation” of opposing parties by the same attorney. Deloury v. Deloury, 22 Mass.App.Ct. 611, 615 (1986). However, the Supreme Judicial Court has clearly admonished counsel that “in cases of doubt, counsel must resolve all questions against the acceptance of employment whenever such acceptance may impinge upon the interests of his present and former clients.” Mailer v. Mailer, 390 Mass. 371, 375 (1983).
In the present case, the court concludes that Lowin-ger must be disqualified from further representation of the plaintiffs. Although his past representation of Domeniconi appears to be both quite old and unrelated to the subject of this action, his recent communication with her about the subj ect of the present case, which occurred only a few weeks before he filed the plaintiffs’ complaint against her, and which Domeniconi viewed as a confidential communication, crosses the “outer limits” of appropriate successive representation of opposing parties by the same attorney. See Mailer v. Mailer, 390 Mass. at 374-75.
As the Supreme Judicial Court has noted with approval in Bays v. Theran, 418 Mass. 685, 693 (1994), “Disqualification is particularly appropriate [in this case] given the command of Canon 9 [a lawyer should avoid even the appearance of professional impropriety]. For an attorney to represent an adverse interest... where the time lapse between consultation and subsequent representation is so short, would create an appearance of impropriety and would serve to undermine the public’s confidence in the integrity of the legal profession.” Domeniconi’s disqualification motion was filed promptly after the litigation commenced and there is no evidence that it is being advanced as a harassment or dilatory tactic. Id. at 693. Accordingly the defendant’s disqualification motion is allowed.
ORDER
For the forgoing reasons, the Motion of the Defendant, Isabel Domeniconi, to Disqualify Plaintiffs’ Attorney is ALLOWED.

 Indeed, at the hearing on the present motion, although not under oath, Lowinger denied discussing the broadcast with Domeniconi on March 6, 1994, or even having any knowledge of the broadcast. These assertions simply do not square with the statements made by Lowinger under oath in his affidavit.